26484. JOHNSON v. SMITH.

SUBMITTED APRIL 13, 1971—DECIDED MAY 6, 1971—

REHEARING DENIED MAY 20, 1971.

James L. Johnson, *pro se.*

Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, David L. G. King, Jr., Deputy Assistant Attorney General, for appellee.

MOBLEY, Presiding Justice. This appeal is from a judgment denying relief in a habeas corpus proceeding to the appellant, a prisoner at the State Penitentiary, who is serving four consecutive sentences of 7, 2, 2, and 5 years, for violation of Code of 1933, § 26-3914. The trial judge made findings of fact and of law, concluding that the prisoner had been denied none of his constitutional rights and that he is serving legal sentences.

■ Enumeration of error 1 alleges denial of the right to a speedy trial in violation of Art. VI of the Constitution of the United States (*Code* § 1-806), and Art. I, Sec. I, Par. V of the Constitution of Georgia (*Code Ann.* § 2-105).

"[F]our factors are relevant to a consideration of whether denial of a speedy trial assumes due process proportions: 'the length of delay, the reason for the delay, the prejudice to defendant, and waiver by the defendant,' [United States v. Fay, 313 F2d 620, 623]." *Sullivan v. State,* 225 Ga. 301, 302 (168 SE2d 133). There was a delay of 18 months in the trial of Sullivan. In the present case there was a delay of 7-½ months between the arrest and trial. The record indicates that two delays in the trial were occasioned by crowded dockets. His case was not reached in each instance. One delay was caused by his attorney, and another by the prisoner being on trial in Cobb County in another case.

To sustain the prisoner's contention that there was a violation of his constitutional right to a speedy trial, not only must delay be shown, but that such delay was purposeful, oppressive, or prejudicial, none of which was shown in this case. See Sanders v. United States, 416 F2d 194, 196 (cert. denied 397 U. S. 952). This ground is without merit.

■ Enumeration of errors 4 and 5 allege, as grounds, the denial of effective assistance of counsel at the trial and on the appeal of his criminal case.

The prisoner was offered assistance of competent counsel, but refused it and stated that he would represent himself in the trial of the case, which he did. The court, however, directed the appointed counsel to sit with him during the trial, and counsel did this, affording the prisoner advice and counsel as requested by him.

The court appointed counsel to represent the prisoner on appeal. Counsel prepared and argued the motion for new trial and would have appealed the case had the prisoner not escaped.

These grounds are without merit. *Williams v. Gooding,* 226 Ga. 549 (1) (176 SE2d 64).

■ Enumeration of error 9 alleges that the trial court erred in denying the prisoner's request for a copy of the trial transcript in his case for his use in preparing his habeas corpus petition. He did have a copy of the transcript during the preparation of his brief in the habeas corpus appeal, and referred to the transcript in briefing his case in this court.

The reversal of *Bassett v. Smith,* 226 Ga. 10 (172 SE2d 407), by the United States Supreme Court (see *Bassett v. Smith,* 226 Ga. 686 (177 SE2d 88)), is not controlling here, for the reason that the reversal there was because the petitioner was not afforded access to a copy of the transcript of the hearing on his petition for habeas corpus, for use in his appeal to this court. The prisoner here complains that he was not furnished a copy of the trial transcript to use in preparing his petition for habeas corpus.

The cases of Lane v. Brown, 372 U. S. 477 (83 SC 768, 9 LE2d 892); Long v. District Court of Iowa, 385 U. S. 192 (87 SC 362, 17 LE2d 290); and Wade v. Wilson, 396 U. S. 282 (90 SC 501, 24 LE2d 470), do not require a holding that an indigent applicant for habeas corpus must be furnished with a copy of his trial transcript in order to prepare a petition for habeas corpus.

The record in the present case does not show that the prisoner was handicapped in preparing his habeas corpus petition by lack of copy of the transcript. His petition contains 30 allegations of error, some with subparagraphs. He makes no showing that, if he had had use of the trial transcript during preparation of his petition for habeas corpus, it would have been different in any way. There is no showing that failure to have a copy of the trial tran-

script during preparation of the habeas corpus petition injured him. This ground is without merit.

■ Enumeration of error 8 complains of the ruling that a petitioner for habeas corpus is not entitled to compulsory process to obtain the testimony of his witnesses as required in criminal cases. Constitution, Art. I, Sec. I, Par. V (*Code Ann.* § 2-105).

A habeas corpus proceeding is not a criminal prosecution (*Croker v. Smith,* 225 Ga. 529 (169 SE2d 787); *Cash v. Smith,* 226 Ga. 318 (175 SE2d 10)), and the law does not require the court to subpoena witnesses at the request of the petitioner for habeas corpus. *Neal v. Smith,* 226 Ga. 96 (6) (172 SE2d 684).

The decision of the Supreme Court of the United States relied on by the prisoner, Washington v. Texas, 388 U. S. 14 (87 SC 1920, 18 LE2d 1019), deals with the right to compulsory process for obtaining witnesses in a criminal prosecution, and not in a habeas corpus proceeding.

■ Enumerated errors 2, 3, 6, 7, and 10 complain of errors in the trial of the case. The writ of habeas corpus is not a substitute for a review to correct mere errors of law, and may not be used for another adjudication of the question of guilt or innocence of the accused. See *Bush v. Chappell,* 225 Ga. 659, 660 (171 SE2d 128), and cases cited. These grounds are without merit.

■ Enumeration of error 11 makes the issue that the sentence is illegal because the punishment is in excess of that provided by statute.

The court erroneously charged the jury that the maximum punishment for the crime was 7 years. Sentences were imposed on the four counts of 7, 2, 2, and 5 years. The sentences on three of the counts are within the limit fixed by the statute. Code of 1933, § 26-3914. The prisoner had the right of review as to the erroneous instructions regarding punishment, but was an escapee during the time for review. Habeas corpus can not be used to review instructions to the jury. *Shoemake v. Whitlock,* 226 Ga. 771 (177 SE2d 677).

The sentence of 7 years exceeds the maximum provided by statute and is illegal. This will not result in the prisoner's discharge under this sentence, but will require that he be returned to the court where he was sentenced in order that a legal sentence may be imposed upon him. *Littlejohn v. Stells,* 123 Ga. 427 (4) (51 SE

390); *Pearson v. Wimbish,* 124 Ga. 701, 713 (52 SE 751, 4 AC 501).

Direction is given that a new trial be granted on the sole issue of punishment as to the count on which the prisoner was sentenced to 7 years. Compare: *Miller v. State,* 224 Ga. 627 (8) (163 SE2d 730); *Massey v. Smith,* 224 Ga. 721 (3) (164 SE2d 786); *Alexander v. State,* 225 Ga. 358 (3) (168 SE2d 315); *Simmons v. State,* 226 Ga. 110 (12) (172 SE2d 680).

*Judgment affirmed in part; reversed in part with direction. All the Justices concur.*