## 26956. WILSON v. DOWNIE.

ALMAND, Chief Justice. This appeal is from an order of Judge James B. O'Connor of the Superior Court of Montgomery County denying the petition of Thomas M. Wilson for the writ of habeas corpus.

The order of the trial judge so clearly and correctly states the facts and issues and arrives at the correct result that we adopt his order as the opinion of this court.

"Petitioner is an inmate of the State Department of Corrections serving a life sentence imposed as the result of his conviction of murder in Troup Superior Court on May 14, 1969. He filed this habeas corpus petition while he was incarcerated at the Montgomery Prison Branch, but during the pendency of the matter petitioner was transferred to Reidsville State Prison.

"Petitioner has filed a motion for summary judgment complaining of the transfer to Reidsville and maintaining he should be released for this reason alone. The Department of Corrections has continued to recognize that the venue of this action is in Montgomery County and has made petitioner available as required to pursue his writ. No sinister purpose having been shown by the petitioner for the transfer and no prejudice having been caused thereby, the motion for summary judgment is denied.

"Petitioner's complaint on the merits is two-fold. One, he contends that he was denied the right of appeal of his conviction by his court-appointed counsel although requested to do so. Two, he contends that his request as an indigent for certified copies of his court records was illegally denied by the trial judge of the sentencing court.

"Petitioner requested this court to appoint counsel to assist him, but under authority of current Georgia Supreme Court decisions, this request was denied.

"This court makes the following findings of fact from the testimony and exhibits presented. Petitioner admitted that the sentencing judge advised him at the time of sentencing of his right to appeal the case by court-

appointed counsel. But he asserts that his appointed counsel refused to appeal although requested so to do This assertion is not borne out by the evidence. Mr. Seale Hipp, one of the appointed counsel, testified that following the trial he fully advised the petitioner of his right to appeal through appointed counsel, that petitioner understood such right, that both lawyers and the petitioner were satisfied with the outcome of the trial and that petitioner freely signed an affidavit to this effect which is among the exhibits in evidence. Following this, petitioner did not indicate any change of view until several months later when he was in the State Prison System. This court finds that petitioner was fully advised by the trial court and competent appointed counsel of his right as an indigent to appeal and that petitioner fully understood and knowingly waived such right to appeal. This court rejects the assertion as incorrect that appointed counsel were to appeal any conviction, regardless of what sentence was imposed. The testimony of Mr. Hipp that the only result which was to be appealed in any event would have been a death penalty is accepted as correct.

"Petitioner's request for a copy of his trial transcript was not made until several months after sentence was imposed and after the appeal period had expired. At this time he had voluntarily waived his right of appeal, and even had a transcript been made available, no successful appeal could have been lodged. No justification to the trial court for furnishing the transcript was given except the bald assertion that petitioner was entitled to it as a matter of law.

"Based upon the foregoing findings of fact, this court concludes as a matter of law that petitioner was not denied his right of appeal. Rather, he was fully advised of his right to appeal and voluntarily and knowingly waived the same. These conclusions made inapplicable the Federal decisions cited in the papers filed with the petition in this case as well as those cited in the order of the United States District Court denying relief because peti-

tioner had not exhausted his State remedies.

"This court further concludes that the denial of the request for a copy of the trial transcript was proper since the same was made after a voluntary and knowing waiver of appeal and after the appeal period had expired. There must be some justification or showing of necessity beyond a mere naked demand for a transcript. While there is a basic right to a free transcript to perfect a timely direct appeal, there is no absolute right to a free transcript just so the prisoner may have it, and some justification for use in a habeas corpus or related proceeding must be shown in order to be entitled to such records in a collateral attack on the sentence. See Wade v. Wilson, 396 U. S. 282 [90 SC 501, 24 LE2d 470]; Bentley v. United States, 431 F2d 250; Hines v. Baker, 422 F2d 1002; Smith v. United States, 421 F2d 1300; United States v. Mitchell, 312 FSupp. 515.

"The court finds that petitioner is in lawful custody of the Department of Corrections for service of the Troup Superior Court life sentence. The writ is denied and petitioner is remanded to custody of the Department for service of that sentence."

*Judgment affirmed. All the Justices concur.*

Submitted January 10, 1972—Decided February 11, 1972.

Thomas Milton Wilson, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* for appellee.