### 27363. MULLEN v. CALDWELL.

MOBLEY, Chief Justice. The record in this habeas corpus case shows that the appellant pleaded guilty to voluntary manslaughter and was sentenced to 20 years in the penitentiary. He appeals from the judgment remanding him to the custody of the warden, and makes three enumerations of error.

1. In enumerated error 1 he alleges that he was denied a lawyer to represent him. This contention is not supported by the record. The court appointed Charles Adams, an able and reputable lawyer, to represent the appellant. Mr. Adams represented him at the commitment hearing and as a result became familiar with the facts in the case. He was certain that the appellant would be convicted and receive at least a life sentence, and thought it advisable for the appellant to plead guilty to voluntary manslaughter if he could get that sentence. He persuaded the district attorney to recommend this to the court. The appellant agreed to it, and the judge accepted the recommendation. This ground is without merit.

2. Enumerated error 2 alleges that the court erred in holding that the appellant was not denied effective assistance of counsel.

The trial judge in this habeas corpus case, after considering the evidence of the attorney and the appellant, found "the facts as related by Charles Adams to be credible and specifically do not credit the description given by [the appellant] of the circumstances surrounding his pleading guilty to the charge" in Peach Superior Court.

The credibility of the testimony was a matter for the judge to decide, and there was no error in his accepting the testimony of Charles Adams. *Nelson v. Smith,* 228 Ga. 117 (2) (184 SE2d 150).

There is no evidence whatever to support the appellant's contention that he was not properly represented by counsel. On the contrary, Mr. Adams fully informed himself as to the facts, carefully surveyed the situation, and after hearing evidence at the commitment hearing, and conferring with his client, concluded that if he could get the court to accept a plea of voluntary manslaughter, his client would be fortunate. The appellant willingly, knowingly, and voluntarily entered the plea of guilty to voluntary manslaughter. He made his choice knowingly and intelligently, and it is only reasonable to require him to live by that choice. Colson v. Smith, 438 F2d 1075, 1079. This ground is without merit.

3. The third enumerated error alleges that he should be released because he was denied "a transcript of his trial proceedings." This court in *Wilson v. Downie,* 228 Ga. 656, 658 (187 SE2d 293), approved the ruling of the habeas corpus court as follows: "This court further concludes that the denial of the request for a copy of the trial transcript was proper since the same was made after a voluntary and knowing waiver of appeal and after the appeal period had expired. There must be some justification or showing of necessity beyond a mere naked demand for a transcript. While there is a basic right to a free transcript to perfect a timely direct appeal, there is no absolute right to a free transcript just so the prisoner may have it, and some justification for use in a habeas corpus or related proceeding must be shown in order to

be entitled to such records in a collateral attack on the sentence. See Wade v. Wilson, 396 U. S. 282 (90 SC 501, 24 LE2d 470); Bentley v. United States, 431 F2d 250; Hines v. Baker, 422 F2d 1002; Smith v. United States, 421 F2d 1300; United States v. Mitchell, 312 FSupp. 515." This appellant made no showing that there was justification, or any showing of necessity, for his having a transcript of his trial proceedings. This ground is without merit.

*Judgment affirmed. All the Justices concur.*
SUBMITTED SEPTEMBER 11, 1972—DECIDED OCTOBER 5, 1972.

Edward Mullen, pro se.
Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General, for appellee.