## 47376.   KEYS v. THE STATE.

PANNELL, Judge. Joe Keys, on April 20, 1972, entered the following appeal to this court: "Comes now Joe Keys,

petitioner-appellant in the above styled case and files this his notice of appeal to the Court of Appeals of Georgia. Petitioner-appellant filed a motion for a copy of records into this honorable court and this court issued an order on the 13th day of April, 1972, adverse to petitioner-appellant and it is this final order that appellant here appeals. The clerk will omit not part of the record." The appellant himself signed the notice of appeal and gives his address as Post Office box at Reidsville, Georgia, where the State penitentiary is located. The record sent to this court contains a combination of a pauper's affidavit and motion to proceed in forma pauperis (eliminating the title and jurat) dated April 18, 1972, and filed in the lower court on April 20, 1972. The record also contains a "petition for copy of record" filed April 12, 1972, naming the clerk of the superior court as respondent in the entitling clause and as a part of the entitling clause shows the following: "charge, rape," "20 years," and "date of conviction, March, 1967." By this petition, appellant sought to acquire, at State expense, a copy of "(A) The warrant in this cause, (B) The indictment in this case, (C) The sentence, as imposed from the bench and recorded by the clerk," and "(D) Any transcript of any proceedings had in relation to the cause in which petitioner was a defendant." Also, on April 12, 1972, appellant filed his petition to proceed in forma pauperis containing allegations as to his poverty and properly sworn to. This petition to proceed in forma pauperis was granted and the petition for copies of the particular documents and for transcript was denied on April 13, 1972. This constitutes the entire record sent up by the clerk of the court below and the record sent to this court contains no transcript of the proceedings. No appearance was made in behalf of the appellant, either by brief or by oral argument, nor has any enumeration of error been filed. *Held:*

The appeal must be dismissed for lack of prosecution; how-

ever, we do not deem it improper to state that since, in this case, it does not appear any timely motion for new trial or any appeal was filed, and is now pending, to the conviction of the appellant on March, 1967, the refusal of the trial judge to require the furnishing of copies of the documents sought to the prisoner was not error. See *Griffin v. Smith*, 228 Ga. 177 (3) (184 SE2d 459); *Johnson v. Smith*, 227 Ga. 611, 613 (182 SE2d 101).

*Appeal dismissed. Quillian, J., concurs. Hall, P. J., concurs specially.*

Submitted September 8, 1972—Decided October 24, 1972.

Joe Keys, *pro se.*

George A. Horkan, *District Attorney, for appellee.*

HALL, Presiding Judge, concurring specially. This is not an appeal from a conviction. The appellant obviously seeks at State expense a copy of the transcript of his trial plus other documents in order to prepare a petition for habeas corpus. For this reason, I concur in the dismissal for lack of prosecution. Had this been an appeal from a conviction, I would not have dismissed a pro se appeal by an indigent for procedural deficiencies. Every indigent defendant is entitled to the benefit of counsel at the first level of review. Douglas v. California, 372 U. S. 353 (83 SC 814, 9 LE2d 811); Swenson v. Bosler, 386 U. S. 258 (87 SC 996, 18 LE2d 33).