## 29746. BILLUPS v. THE STATE.

UNDERCOFLER, Presiding Justice.

Wyman Billups sought a writ of mandamus on May 14, 1974, to require the clerk of the Fulton Superior Court to furnish him a transcript of the trial in which he was convicted of armed robbery and aggravated assault and sentenced to serve twenty and ten years respectively. The appellant had retained counsel at his September 24, 1973, trial and no appeal was taken therefrom. The writ of

mandamus was denied on June 19, 1974, and the appellant was furnished a copy of the order, the indictment, the plea and the sentence. On August 19, 1974, the appellant again sought a writ of mandamus against the State of Georgia to obtain a certified copy of the trial transcript, criminal warrant and arrest, commitment motions, and the verbatim copy of the "district attorney's charge to the Grand Jury." The writ was denied on August 28, 1974 because there was no motion or appeal pending in the case, no justification or necessity for transmittal of the requested documents had been shown, and because a copy of the indictment and sentence had previously been furnished the applicant. The appeal is from this judgment. *Held:*

There is no motion for new trial or appeal pending in this case.

In *Wilson v. Downie,* 228 Ga. 656, 658 (187 SE2d 293) it was said: "There must be some justification or showing of necessity beyond a mere naked demand for a transcript. While there is a basic right to a free transcript to perfect a timely direct appeal, there is no absolute right to a free transcript just so the prisoner may have it, and some justification for use in a habeas corpus or related proceeding must be shown in order to be entitled to such records in a collateral attack on the sentence. See Wade v. Wilson, 396 U. S. 282 (90 SC 501, 24 LE2d 470); Bentley v. United States, 431 F2d 250; Hines v. Baker, 422 F2d 1002; Smith v. United States, 421 F2d 1300; United States v. Mitchell, 312 FSupp. 515." Accord, *Mullen v. Caldwell,* 229 Ga. 575 (3) (193 SE2d 601); *Griffin v. Smith,* 228 Ga. 177 (3) (184 SE2d 459); *Keys v. State,* 127 Ga. App. 404 (193 SE2d 891). It follows that the contentions of the appellant are not meritorious.

*Judgment affirmed. All the Justices concur, except Gunter, Ingram and Hill, JJ., who dissent.*

SUBMITTED MARCH 10, 1975 — DECIDED APRIL 8, 1975.

Wyman Billups, *pro se.*

Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney, for appellee.

HILL, Justice, dissenting.

Wyman Billups was indicted for commission of two felonies. He pled not guilty, was tried on September 24, 1973, and was convicted in Fulton Superior Court. At trial he was represented by retained counsel. No appeal was filed.

In May, 1974, appellant Billups filed a "Petition and Motion for a Writ of Mandamus in forma pauperis" in Fulton Superior Court seeking essentially a copy of his criminal trial transcript. An order was entered denying appellant's prayers.

In August, 1974, appellant filed a "Motion for Records" in Fulton Superior Court, seeking copy of his criminal trial transcript "as petitioner desires to further prosecute his case. . ." The motion does not specify whether petitioner would seek habeas corpus, out of time appeal, or what. An order was entered denying the requested relief. Notice of appeal was timely filed and this court has chosen to decide the case on the merits.

Code Ann. § 6-805 (a) provides that "In all felony cases, the transcript of evidence and proceedings shall be reported and prepared as provided in Code section 27-2401, or as may hereafter be provided by law." Thus, in felony cases, the evidence is to be reported.

Code Ann. § 27-2401 provides in pertinent part that: "On the trial of all felonies the presiding judge shall have the testimony taken down. . . In the event of the jury returning a verdict of guilty, the testimony shall be entered on the minutes of the court or in a book to be kept for that purpose." Thus, in felony cases resulting in guilty verdicts the testimony is to be transcribed.

Code Ann. § 6-805 (e) provides that "Where a civil or criminal trial is reported by a court reporter, and the evidence and proceedings are transcribed, the reporter shall complete the transcript and file the original and one copy thereof with the clerk of the trial court, together with his certificate attesting to the correctness thereof." Thus, in felony cases the court reporter is to complete and file the transcript.

There is a presumption that public officers do their duty. *Cole v. Foster*, 207 Ga. 416, 421 (61 SE2d 814). Court reporters appointed to office by the judges of the superior

courts are public officers. Code § 24-3101. We therefore can presume that the transcript of Wyman Billups' felony trial is on file in Fulton Superior Court, where it is a public record open for inspection and copying. Code Ann. §§ 40-2701, 40-2702. However, he is not at liberty to go to Fulton County for that purpose and he has no funds to pay for copying.

Instead, he has moved the Superior Court of Fulton County, first by petition for writ of mandamus in forma pauperis and later by motion for records, that he be furnished copy of his trial transcript. His requests were denied on the grounds, inter alia, that he did not appeal his criminal conviction and no justification or necessity for transmittal of the requested transcript has been shown. (It should be noted that the public inspection and copying provisions of our law, Code Ann. §§ 40-2701, 40-2702, do not require the person desiring to inspect or copy records to show justification or necessity therefor.)

A convicted person who appeals has a right to the trial transcript. Griffin v. Illinois, 351 U. S. 12 (76 SC 585, 100 LE 891).

An applicant for habeas corpus has a right to the transcript of the habeas proceeding. Code Ann. § 50-127 (8); Bassett v. Smith, 398 U. S. 435 (90 SC 1885, 26 LE2d 386); *Bassett v. Smith,* 226 Ga. 686 (177 SE2d 88).

A person seeking habeas corpus in federal court can obtain his state criminal trial transcript. The federal habeas corpus Act provides that (28 USCA § 2254 (e)) "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. If the applicant, because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official."

Practically the only person in Georgia who cannot get a copy of Wyman Billups' criminal trial transcript is Wyman Billups. He could have gotten it if he had ap-

pealed. He can still get it through the federal court. But right now, he cannot, because he is indigent.

A nonindigent prisoner could pay for a copy of his criminal trial transcript. Code Ann. § 40-2702, supra. To deny it to an indigent prisoner is to deny him equal protection. Long v. District Court of Iowa, 385 U. S. 192 (87 SC 362, 17 LE2d 290). Long, supra, involved the transcript of the indigent's habeas corpus proceeding, but the difference in treatment between indigent and non-indigent is the same.

Wade v. Wilson, 396 U. S. 282, clearly suggests that the state is required to give a prisoner access to his criminal trial transcript for his use in bringing habeas corpus. There, as here, the petitioner started by application and motion in the state court system. Next he sought habeas in the District Court, which granted him relief. The Circuit Court of Appeals reversed, holding that petitioner was not entitled to a transcript merely to enable him to comb the record in the hope of discovering some flaw. The Supreme Court granted certiorari and vacated the judgments of the lower courts, saying that it would not reach the constitutional issue until it was shown that petitioner was unable to borrow a copy from state authorities or unable to get the state court to direct a custodian of a copy to make it available to him.

This issue has never again reached the U. S. Supreme Court, perhaps because state criminal trial transcripts are available in federal habeas proceedings. See 28 USCA § 2254 (e), supra, enacted in 1966.

However, in this case the state court has refused to direct a custodian of a copy of the criminal trial transcript to make it available to appellant. Except for trying to borrow a copy from state authorities, appellant has exhausted his state remedies and that issue which the U. S. Supreme Court did not reach in Wade, supra, is ready to be reached.

The denial of equal protection in this case is clear. Those parts of *Wilson v. Downie,* 228 Ga. 656 (187 SE2d 293), *Mullen v. Caldwell,* 229 Ga. 575 (3) (193 SE2d 601), *Griffin v. Smith,* 228 Ga. 177 (3) (184 SE2d 459), *Johnson v. Smith,* 227 Ga. 611 (3) (182 SE2d 101), and *Keys v. State,* 127 Ga. App. 404 (193 SE2d 891), relating to trial

transcripts should be overruled.

The equal protection argument is supported by reason. Georgia's Habeas Corpus Act was revised in 1967 after the federal Act was revised in 1966. The federal Act, 28 USCA § 2254, provides that a state court determination of a factual issue made after a hearing on the merits shall be presumed to be correct where such determination is evidenced by written findings, opinion or other reliable and adequate written indicia. To this full faith and credit type provision there are exceptions: e.g., that the fact finding procedure employed by the state court was inadequate, or that the material facts were not adequately developed. 28 USCA § 2254 (d) (2, 3).

Without access to the criminal trial transcript, the state habeas court fact finding procedure may be inadequate or the material facts may not be adequately developed. Thus the federal habeas court can require production of the state criminal trial transcript and not be bound by the state habeas court's findings of fact.

To protect the rights of those convicted of crimes, to provide the courts of this state with the best evidence available, and to make available to the state courts those materials which a federal court may use to review state court factual determinations, the transcript of the criminal trial should be produced and introduced at the state habeas corpus hearing where the petition for the writ raises any question which may be answered by such transcript. If the prisoner has the transcript, it may be attached to his habeas petition. See Code Ann. § 50-127 (2); see also *Johnson v. Caldwell,* 229 Ga. 548, 552 (192 SE2d 900).

An indigent prisoner who does not appeal his conviction should nevertheless be able to obtain a copy of his criminal trial transcript. The fact that he does not specify how it will assist him (i.e., does not justify his request) is immaterial. We can presume that a prisoner seeking a copy of his criminal trial transcript will use it to undertake to obtain his release from prison, in one way or another.

There remains, however, a question of procedure. Should a prisoner seeking a copy of his criminal trial transcript proceed by motion or writ in the convicting

court where the transcript is filed (as was done here), or by notice to produce or subpoena duces tecum as part of a habeas corpus proceeding filed in the county of incarceration? The discovery and evidence sections of the Civil Practice Act are applicable to habeas proceedings. *Johnson v. Caldwell,* supra, 229 Ga. 548, 550, 552. If the warden against whom habeas is brought has possession, custody or control of the criminal trial transcript, a notice to produce should suffice. Code Ann. § 81A-134. However, this would necessitate the filing of the habeas petition, and the filing of the notice to produce followed by a 45-day delay for response and production (Code Ann. § 81A-134 (b)), whereas the habeas petition is supposed to be heard within a reasonable time after answer filed within 20 days of docketing (Code Ann. § 50-127 (6)).

A subpoena duces tecum to require the trial transcript to be available at the habeas hearing would be of little value in preparing for the hearing. Similarly, a notice to produce the transcript filed with the habeas petition would not provide it for use in preparing the habeas petition.

Because a nonindigent prisoner could obtain his trial transcript from the convicting court prior to bringing habeas corpus, because later production of it would be unequal treatment to an indigent prisoner, and because the convicting court has the transcripts and makes them available to indigent prisoners who do appeal or who seek habeas in federal court, the procedure used by appellant (motion filed in the convicting court) was reasonable and proper.

The judgment should be reversed.

I am authorized to state that Justices Gunter and Ingram join in this dissent.