## 52946. WYCHE v. THE STATE.

CLARK, Judge.

This is an appeal by an indigent without counsel whose pro se "Notice of Appeal" shows he is presently incarcerated in a Florida prison. He appeals from two 1972 Lowndes County sentences imposed following pleas of guilty to robbery charges wherein he was represented by counsel. It comes to us by transfer from our Supreme Court.

The trial court granted permission to file an out-of-time appeal in forma pauperis. In doing so it cited *Wilson v. Downie,* 228 Ga. 656 (187 SE2d 293); *Griffin v. Smith,* 228 Ga. 177 (184 SE2d 459); *Johnson v. Smith,* 227 Ga. 611 (182 SE2d 101); *Keys v. State,* 127 Ga. App. 404 (193 SE2d 891).

1. We have neither a brief nor an enumeration of errors. Nevertheless we are required to consider the contentions of the appellant. See *Clark v. State,* 138 Ga. App. 266, 267 (1) (226 SE2d 89) and *Spriggs v. State,* 139 Ga. App. 586.

2. Appellant's request for a trial transcript was denied. Such denial was error. Code Ann. § 6-805 (a) and *Parrott v. State,* 134 Ga. App. 160, 161 (2) (214 SE2d 3).

The basis of this appeal — an allegedly coerced confession and a denial of a direct appeal — presents a situation markedly different from that in which such request has been denied as in *Billups v. State,* 234 Ga. 147 (214 SE2d 884) and in *Evans v. Watson,* 237 Ga. 249 (227 SE2d 253). In those opinions and in the citations contained therein, the appellant made no showing as to the need or purpose for which the transcripts were sought. As was said in *Wilson v. Downie,* 228 Ga. 656, 658 (187 SE2d 293), "There must be some justification or showing of necessity beyond a mere naked demand for a transcript." With reference to the type of transcript which should be supplied see the discussion reviewing the U. S. Supreme Court cases in *Bailey v. State,* 232 Ga. 873 (209 SE2d 204).

3. With the court having recognized and ruled that defendant was to receive an out-of-time appeal, it was also incumbent upon the judge to grant the appellant's motion for appointment of counsel to handle his appeal. Every indigent defendant is entitled to benefit of counsel at the first level of review. Douglas v. California, 372 U. S. 353 (83 SC 814, 9 LE2d 811); Swenson v. Boslea, 386 U. S. 258 (87 SC 996, 18 LE2d 33).

4. Accordingly, we remand this case to the trial court with direction that counsel be appointed to represent the appellant and that a transcript be provided.

*Case remanded with direction. Bell, C. J., and Stolz, J., concur.*

SUBMITTED OCTOBER 7, 1976 — DECIDED NOVEMBER 4, 1976.

James Wyche, *pro se.*
*H. Lamar Cole, District Attorney,* for appellee.