## 31936. HOLMES v. KENYON et al.

PER CURIAM.

This appeal is from judgments that denied appellant's pro se application to the trial judge and clerk of court for a copy of his criminal trial transcript and

related documents.

Appellant was convicted in January of 1975 for having committed armed robbery and sentence was imposed. The sentence was amended on March 17, 1975. No direct appeal was taken.

While an indigent is entitled to a copy of his trial transcript for a direct appeal of his conviction, such is not the case in collateral post-conviction proceedings. In *Yates v. Brown,* 235 Ga. 391 (2) (219 SE2d 729) (1975), this court said: "At the habeas corpus hearing the appellant claimed that he has a right to the transcript of his trial. As is the case with regard to appointed counsel (see footnote 1, above), this right is tied to his right of appeal. Once the appeal has been dismissed, he no longer has a right to a trial transcript at state expense. *Phillips v. State,* 234 Ga. 147 (214 SE2d 884) (1975)."

The judgment below must be affirmed.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Jordan, Ingram and Hall, JJ., concur. Hill, J., concurs specially.*

SUBMITTED JANUARY 21, 1977 — DECIDED APRIL 5, 1977.

George J. Holmes, *pro se.*
Arthur K. Bolton, *Attorney General, Greer, Deal, Birch, Orr & Jarrard, Stanley F. Birch, Jr.,* for appellees.

HILL, Justice, concurring specially.

I concur in the judgment of the court for the reasons stated in my concurring opinion in *Evans v. Watson,* 237 Ga. 249 (227 SE2d 253). See United States v. MacCollom, 426 U. S. 317 (96 SC 2086, 48 LE2d 666) (1976).