## 36549. McDOWELL v. BALKCOM.

BOWLES, Justice.

McDowell, a prisoner incarcerated at Reidsville in Tattnall County, has allegedly filed a petition for writ of habeas corpus in that county. In conjunction with his petition, he filed in Gwinnett County, the county of his conviction, a "motion for production of documents" seeking, inter alia, a copy of his trial transcript. McDowell's motion was captioned "Petition for Habeas Corpus" and named Charles Balkcom, former warden of Georgia State Prison at Reidsville as respondent. Because of this erroneous caption, apparently the Gwinnett County judge believed the document filed *was* a petition for habeas corpus and therefore dismissed for improper venue. McDowell then wrote a letter to the court explaining that his habeas petition was in fact filed in Tattnall County and that all he sought from Gwinnett County was a copy of his trial transcript and other court records. The Gwinnett County judge then entered an order denying McDowell's motion stating that it failed to meet the requirements of law set out in *Evans v. Watson,* 237 Ga. 249 (227 SE2d 253) (1976) and *Billups v. State,* 234 Ga. 147 (214 SE2d 884) (1975). We affirm.

"While an indigent is entitled to a copy of his trial transcript for a direct appeal of his conviction, such is not the case in collateral post-conviction proceedings." *Holmes v. Kenyon,* 238 Ga. 583, 584 (234 SE2d 502) (1977). "After the time for appeal has expired there is no due process or equal protection right to a free copy of one's court records absent a showing of necessity or justification. United States v. MacCollum, 426 U. S. 317, 96 SC 2086, 48 LE2d 666 (1976); *Evans v. Watson,* 237 Ga. 249 (227 SE2d 253) (1976); *Billups v. State,* 234 Ga. 147 (214 SE2d 884) (1975); *Wilson v. Downie,* 228 Ga. 656, 658 (187 SE2d 293) (1972)." *Huddleston v. Clerk of Superior Court Carroll County,* 240 Ga. 52 (239 SE2d 376) (1977).

In the case at bar, McDowell stated that he needed the transcript and records as evidence in his alleged pending habeas hearing. However, he did not show that he (nor his attorney on his behalf) has never previously been supplied a copy of his trascript and record nor did he show that the records are not otherwise available to him. See *Flucas v. Hinson,* 242 Ga. 378 (249 SE2d 64) (1978). McDowell has therefore not made a sufficient showing of necessity or justification.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 8, 1980 — DECIDED OCTOBER 8, 1980 —
REHEARING DENIED OCTOBER 31, 1980.

Ronald McDowell, *pro se.*
*Arthur K. Bolton, Attorney General,* for appellee.