### 38314. MONTGOMERY v. TREMBLAY.

CLARKE, Justice.

The state is appealing the judgment of the habeas court which granted a new trial to petitioner on the grounds that the state had failed to comply with Code Ann. § 27-2401 resulting in the absence of a complete trial transcript. The state contends the transcript is unnecessary to reach the merits of petitioner's claims or alternatively contends that the court erred in failing to hold an evidentiary hearing on the merits of petitioner's claims.

Tremblay was indicted, tried and convicted of rape and aggravated assault in 1974 in Chatham County. He was represented at trial by appointed counsel; no appeal from this conviction was filed. In 1980 he was assigned to the prison law library and began working on his case. During the latter part of 1980 he made a request for the transcript of his trial and forwarded to the clerk sufficient funds to cover costs. The clerk returned a portion of the costs and informed Tremblay that one of the tapes of his trial was missing and a complete transcript could not be made.

Tremblay filed his petition for habeas corpus in April, 1981. The petition alleges his detention to be illegal on the grounds that the in-court identification was tainted by impermissibly suggestive pre-trial identification procedures, improper and inflammatory argument by the district attorney, errors in the charge, effective denial of his access to the courts by virtue of an incomplete transcript, improper sentencing by the jury and denial of his right to appeal by failure of the trial judge to advise him of his appellate rights at the time of his conviction.

The hearing on habeas corpus was held June 23, 1981. At that time the judge was informed by all parties that only a portion of the trial transcript was available. The record reflects that after discussion between the court and the state's attorney it was agreed that ninety days was a reasonable period to allow the state an

opportunity to reconstruct the missing portion and prepare a transcript, see Code Ann. § 6-805 (g), or to locate the tapes and prepare a transcript. He then ordered that failure of the state to comply would result in a new trial for the petitioner.

After the expiration of the ninety-day period the court found the state could not produce any transcription of the state's evidence in the convicting court. The habeas court then ordered that the conviction and sentence be vacated and remanded him to Chatham County for a new trial.

The state contends the court erred in granting a new trial without first determining whether the missing portions of the transcript were necessary in order to reach the merits of the petition in this case where petitioner had waived his right to direct appeal.

Code Ann. § 27-2401 provides in part: "On the trial of all felonies the presiding judge shall have the testimony taken down, and, when directed by the judge, the court reporter shall exactly and truly record, or take stenographic notes of, the testimony and proceedings in the case, except the argument of counsel. In the event of a verdict of guilty, the testimony shall be entered on the minutes of the court or in a book to be kept for that purpose."

The duty to have the testimony entered in the records of the court and file a transcript after a guilty verdict is on the state. *Wade v. State,* 231 Ga. 131 (200 SE2d 271) (1973). However, in *State v. Hart,* 246 Ga. 212 (271 SE2d 133) (1980), we held that although the law in this regard is mandatory, there is no time limit on the state in fulfilling this duty. Since at present there is no time limit or statute of limitations on the filing of a habeas corpus petition, we cannot find that the defendant is barred from requesting his transcript by lapse of time.

There are two issues presented. First, there is the question of just what relief may be available to Tremblay. Second, we must decide what procedures and findings are necessary to determine whether the relief is authorized. Tremblay contends that the state's inability to make a complete transcript available to him automatically entitles him to a new trial. In cases of indigency the law is clear that a defendant has no absolute right to a copy of his transcript at state expense in collateral post-conviction proceedings. *Billups v. State,* 234 Ga. 147 (214 SE2d 884) (1975); *Davis v. Price,* 239 Ga. 584 (238 SE2d 357) (1977). In habeas corpus cases the petitioner must show some justification to be entitled to a free transcript. United States v. MacCollom, 426 U. S. 317 (96 SC 2086, 48 LE2d 666) (1976); *McDowell v. Balkcom,* 246 Ga. 611 (272 SE2d 280) (1980).

In *McDowell,* petitioner sought a free copy of his transcript pending a habeas corpus action. We held he had not shown

justification as there was no evidence that the transcript was "not otherwise available to him." *McDowell,* supra at 611.

Tremblay did not request a free transcript in this case but accompanied his request with sufficient funds for cost of preparation. Since the transcript does not exist and no reconstruction was made pursuant to Code Ann. § 6-805 (g), it is not "otherwise available."

Petitioner has a right to the transcript and the state has failed in its duty to have one filed after conviction. However, it is the judgment of this court that the failure of the state to comply with the law does not warrant the automatic granting of a new trial. Although the habeas court stated during the June 23, 1981, hearing that he was not able to rule on the merits of the habeas petition without a complete transcript, his order granting a new trial to petitioner is based solely on the state's failure to produce a complete record. We hold that absence of a complete transcript in a collateral post-conviction proceeding does not in and of itself require a new trial. The habeas court must also determine whether the allegations of the petition are such that a complete transcript is necessary to reach the merits of the petition and, if so, whether the necessary portions can be reconstructed pursuant to Code Ann. § 6-805 (g). We therefore reverse the order of the habeas court and remand for a further determination by the habeas court on the necessity of a more complete transcript. If the issues raised by petitioner can be treated on their merits from the record available, the court should proceed to decide the case on its merits. If the merits cannot be reached based upon the record available, the court is required to grant the new trial.

We do not address the issues of whether Tremblay had validly waived his right to appeal at the time of his conviction since this issue has not yet been adjudicated by the habeas court.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED JUNE 2, 1982.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Assistant Attorney General, Deppish Kirkland III, Assistant District Attorney,* for appellant.

*George A. Zettler, L. R. Winters, Jr.,* for appellee.

Anthony Tremblay, *pro se.*

Sam Cook, *pro se.*