74066. LISTER v. THE STATE.
(359 SE2d 8)

SOGNIER, Judge.
Appellant was convicted of armed robbery and he appeals. In his sole enumeration of error appellant contends he was denied his right to file a timely appeal by being deprived of a transcript for a period of nine months.

Appellant was convicted on December 16, 1985. On February 7, 1986, appellant filed a Motion for Out-of-Time Appeal, alleging that he had sought to appeal by directing his trial counsel to file a Notice

of Appeal within 30 days, but his trial counsel did not do so. Appellant's trial counsel filed an affidavit stating that appellant did not tell counsel to appeal. In an order filed March 25, 1986, the trial court found that appellant claimed he sought an appeal through counsel, but appointed trial counsel was not instructed to appeal. Nevertheless, the trial court found that justice would best be served by granting the motion in view of the factual conflict between appellant and his trial counsel. Appellant's current counsel was then appointed to represent appellant and a Notice of Appeal was filed on April 18, 1986. Despite repeated efforts by appellant's counsel to obtain a trial transcript, the transcript was not forwarded to this court until November 26, 1986. Appellant contends that because of this seven-month delay, he was denied his right to a timely appeal of his case. We do not agree.

Appellant is an indigent and the State provided the transcript in this case. Although it is the duty of the State to request the reporter to transcribe the reported testimony in the event of a felony conviction, the State's duty to make such a request has no time limit. *State v. Hart*, 246 Ga. 212, 213 (271 SE2d 133) (1980); *Montgomery v. Tremblay*, 249 Ga. 483, 484 (292 SE2d 64) (1982). Hence, there was no error by the State in failing to provide a transcript at an earlier date. Further, the burden is on the party claiming error not only to show error, but error which injured him, and unless the error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, an appellate court will not reverse. *Anderson v. State*, 165 Ga. App. 885, 887 (3) (303 SE2d 57) (1983). Appellant has alleged no harm resulting from the delay, other than his bare assertion that he was denied his right to timely file an appeal. However, he did, in fact, file a timely appeal in the instant case pursuant to the trial court's grant of his motion to file an out-of-time appeal. While we do not condone the delay in obtaining the transcript, we have carefully reviewed the entire transcript and find no unenumerated error. Nor do we find anything to support a claim of harm resulting from the delay in filing the transcript in this case. Since none of appellant's constitutional or statutory rights were violated, no reversible error resulted from the State's delay in providing a transcript at an earlier date.

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in affirmance but for a different reason.

Appellant appeals from the order *granting* an out-of-time appeal and from the judgment of conviction, stating in the notice that "all issues raised at trial shall be subject to review by this Honorable

Court." Since the order granting the appeal was fully in his favor, there is no basis to complain of it. And since he enumerates no errors relating to the judgment of conviction or the trial which led to it, there is nothing to review.

The only error claimed is that he was prohibited from filing a timely appeal because he was deprived of the transcript for nine months. But as noted, he was not deprived of an appeal, even though he could have filed a timely notice of appeal without a trial transcript. Whether he was prejudiced by the late filing of the transcript is pending below in an extraordinary motion for new trial. Therefore, we have no basis upon which to address the issue.

DECIDED JUNE 16, 1987.

*Kenneth H. Cail*, for appellant.
*Spencer Lawton, Jr., District Attorney, Virginia A. Erskine, Assistant District Attorney*, for appellee.