## 46643. ZANT v. COOK.
### (379 SE2d 780)

GREGORY, Justice.

In 1950 appellee James Cook was convicted by a jury of the murder of Roland Smith and sentenced to life imprisonment. Cook did not appeal his conviction, and was paroled in 1957. His civil rights were fully restored in 1965.

In 1985 Cook was convicted of murder and two counts of aggravated assault. He was sentenced to death for the crime of murder. At the sentencing phase of this trial, Cook's 1950 conviction for the murder of Roland Smith was offered as evidence of a statutory aggravating circumstance, OCGA § 17-10-30 (b) (1). In sentencing Cook to death the jury found two aggravating circumstances: one, that the offense of murder was committed by a person with a prior record of conviction for a capital felony, OCGA § 17-10-30 (b) (1); and two, that the offense of murder was committed while the offender was engaged in the commission of an aggravated battery, OCGA § 17-10-30 (b) (2). This court affirmed Cook's conviction and sentence of death. *Cook v. State*, 255 Ga. 565 (340 SE2d 891) (1986).

Cook subsequently filed this petition for habeas corpus, challenging the validity of his 1950 conviction for the murder of Roland Smith. The habeas court granted Cook's petition and vacated his 1950 murder conviction. The state appeals. OCGA § 9-14-52 (c).

It is undisputed that there is no trial transcript from Cook's 1950 murder trial. It is the duty of the state to have the trial testimony entered in the records of the court and to file a transcript following a guilty verdict. *Montgomery v. Tremblay*, 249 Ga. 483 (292 SE2d 64) (1982); *Wade v. State*, 231 Ga. 131 (200 SE2d 271) (1973). We held in *Montgomery v. Tremblay*, supra, that where there is no trial transcript or an incomplete trial transcript, the habeas court must determine what portions of the transcript are necessary to reach the merits of the habeas petition, and must also determine whether the necessary portions can be reconstructed pursuant to OCGA § 5-6-41 (g).

This procedure was followed in this case and the habeas court made its findings based on the reconstructed record.

We treat this case under OCGA § 9-14-1 (c). *Parris v. State*, 232 Ga. 687 (208 SE2d 493) (1974). Compare *Maleng v. Cook*, 45 CLR 3057 (decided May 17, 1989).

1. The state first argues that the doctrine of laches should apply to bar Cook's collateral attack on his 1950 conviction. The state takes the position that Cook's delay in bringing this petition for habeas is unreasonable, and that it has been prejudiced by Cook's delay.

Under the authority of *Jackson v. Jones*, 254 Ga. 127, 129 (327 SE2d 206) (1985), this court has not applied the doctrine of laches to habeas corpus cases. Even if the doctrine were applicable it would not serve to bar Cook's claim in this case. Cook's civil rights were fully restored in 1965. It would be unreasonable to expect a person to attempt to set aside a conviction which was not detrimentally affecting him.[1] Further, the habeas court found that Cook did not become aware of his legal rights regarding his 1950 conviction until his trial in 1985 and therefore did not unreasonably delay in asserting these rights. The habeas court concluded that the state's argument that the 1950 conviction is too old to be attacked, but not too old to be used to enhance Cook's sentence for his 1985 conviction of murder is without merit. We agree.

2. The trial court found that Cook was denied his right to appeal his 1950 conviction by the state's failure to preserve the transcript of his trial and by the failure of his attorneys to advise him of his right to an appeal; that Cook's trial attorneys "fell well below the standard of reasonably effective assistance," and that their performance prejudiced Cook's defense; that a member of the grand jury which indicted Cook was also a member of the petit jury which convicted him and that Cook did not waive his right to object to the composition of the petit jury; and that Cook's confession was admitted at trial in violation of *Brown v. Mississippi*, 297 U. S. 278 (56 SC 461, 80 LE 682) (1936). There is some evidence in the record to support each of these findings. *Williams v. Caldwell*, 229 Ga. 453 (192 SE2d 378) (1972).

The habeas court was correct in concluding that Cook's constitutional rights were violated in his 1950 murder trial and that Cook is currently suffering from the adverse collateral consequences of this conviction. Therefore, the habeas court did not err in setting aside Cook's 1950 murder conviction.

*Judgment affirmed. All the Justices concur, except Weltner, J.,*

---

[1] Under *Maleng*, supra, Cook would not have been permitted to challenge his 1950 conviction in a federal habeas proceeding after his release from physical confinement in 1957 because he was not "in custody" within the meaning of the federal habeas statute.

*not participating.*

DECIDED JUNE 1, 1989 —
RECONSIDERATION DENIED JUNE 23, 1989.

*Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General,* for appellant.

*Swift, Currie, McGhee & Hiers, Douglas A. Bennett, John P. Spalding,* for appellee.