## 33197. MYDELL v. CLERK, SUPERIOR COURT OF CHATHAM COUNTY.

UNDERCOFLER, Presiding Justice.

James Marion Mydell is serving a life sentence for armed robbery. *Mydell v. State,* 238 Ga. 450 (233 SE2d 199) (1977). He brought this mandamus action, pro se, against the clerk of Chatham County for a copy of his arrest and trial records and transcript on that conviction. The trial court denied his petition based on his petition alone and without making findings of fact and conclusions of law. Mydell appeals. We affirm.

Mydell asserts that he needs a copy of his record and trial transcript to use as evidence in a pending habeas corpus action. " '. . . There must be some justification or showing of necessity beyond a mere naked demand for a transcript. While there is a basic right to a free transcript to perfect a timely direct appeal, there is no absolute right to a free transcript just so the prisoner may have it, and *some justification for use in a habeas corpus or related proceeding must be shown* in order to be entitled to such records in a collateral attack on the sentence. See Wade v. Wilson, 396 U. S. 282 (90 SC 501, 24 LE2d 470) [1969]; Bentley v. United States, 431 F2d 250 [6th Cir. 1970]; Hines v. Baker, 422 F2d 1002 [10th Cir. 1970]; Smith v. United States, 421 F2d 1300 [6th Cir. 1970]; United States v. Mitchell, 312 FSupp. 515 [E. D. Va. 1970].' " *Wilson v. Downie,* 228 Ga. 656, 658 (187 SE2d 293) (1972). (Emphasis supplied.)

While we recognize the problems inherent in a case filed pro se in the county in which he was tried by a prisoner incarcerated at Reidsville, we find that more is required of the trial court than a summary denial of the prisoner's petition based on the complaint alone, which here is sufficient to state a claim. See *Stalling v. State,* 231 Ga. 37 (200 SE2d 121) (1973). The burden, however, is on the prisoner to go forward with his case.

The prisoner may offer to prove his case by affidavit. While this ruling is against the weight of the general law,[1] we find an exception necessary and appropriate in a

---

[1] "It is an established rule of evidence in this State

situation such as this. Here a prisoner is being held in another county and not available to pursue his case in person; on the other hand, the action is not personal to the respondent, the clerk, who will merely make or not make the record available to the prisoner or his attorney according to the ruling of the trial court. Therefore the need for cross examination is not as crucial. The affidavit[2] should set out the particular reasons why the transcript is necessary, and should include a statement that the petitioner or his attorney have never previously been supplied a copy of his transcript and record, and that it is not otherwise available to him. *Corn v. State,* 240 Ga. 488 (240 SE2d 694) (1978); *Heard v. Allen,* 234 Ga. 409 (216 SE2d 306) (1975). A copy of the pending or proposed habeas petition should be attached. Similarly, the clerk may certify that a copy of the transcript has previously been provided the defendant or his attorney. From this, the trial court can make appropriate findings of fact and conclusions of law in determining whether the prisoner has shown some justification or necessity for a copy of his trial transcript and record.

In the case before us, however, we take judicial notice of Mydell's previous appeal in *Mydell v. State,* supra. *Stalling v. State,* supra. That record includes the trial transcript, a copy of which was specifically ordered supplied to the defendant or his attorney when he prosecuted his appeal. It is apparent from the brief filed that the attorney for Mydell had a transcript. Although a defendant is entitled to a copy of his transcript in order to pursue his appeal (Griffin v. Illinois, 351 U. S. 12 (1956)),

---

that, in a judicial trial in a court of law, where evidence is finally adjudicated and final judgments are rendered, ex parte affidavits are inadmissible, and their admission in such a case over proper objection constitutes reversible error. *Camp v. Camp,* 213 Ga. 65 (97 SE2d 125) [1957]." *Tamiami Trail Tours v. Ga. Public Serv. Comm.,* 213 Ga. 418, 428 (99 SE2d 225) (1957).

[2] We note that by statute affidavits may be considered in prisoner habeas corpus cases. Code Ann. § 50-127 (7).

the state need not furnish him a second copy. See United States v. MacCollom, 426 U. S. 317 (1976).
*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 20, 1978 — DECIDED MARCH 8, 1978.

James Marion Mydell, *pro se.*
*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.