## 60780. HUDGINS v. SKINNER.

Deen, Presiding Judge.

" ' "... There must be some justification or showing of necessity beyond a mere naked demand for a transcript. While there is a basic right to a free transcript to perfect a timely direct appeal, there is no absolute right to a free transcript just so the prisoner may have it, and *some justification for use in a habeas corpus or related proceeding*

*must be shown* in order to be entitled to such records in a collateral attack on the sentence. [Cits.]" ' " *Mydell v. Clerk, Superior Court of Chatham County,* 241 Ga. 24 (243 SE2d 72) (1978); *Wise v. Skinner,* 244 Ga. 225 (259 SE2d 475) (1979).

Hudgins was indicted, tried and convicted in separate trials on two burglary indictments. In each he was furnished a transcript of evidence by the state, appealed the conviction to this court, and the judgments of the trial court were affirmed.

He has now filed in the trial court a document designated a motion, naming the Clerk of Court as defendant, and praying that the latter be compelled to furnish him certified copies of all court records and trial transcripts relating to these cases. In the first place, the cases are in no way differentiated, and although there is a general statement that the defendant wishes them mailed to his home address "to support contentions that his present confinement and sentence is illegal and void upon his petition for writ of habeas corpus," no justification is offered as to either of them for their use in a habeas corpus or other like proceedings.

The motion came on for hearing and was properly dismissed by the trial court for lack of any good or legal reason for granting it.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

Submitted October 1, 1980 — Decided January 6, 1981.

Randy E. Hudgins, *pro se.*
Michael G. Kam, *Assistant District Attorney,* for appellee.