### S89A0227. BLACKWELL v. THE STATE.
(388 SE2d 515)

Hunt, Justice.

George Lee Blackwell was convicted of the felony murder of Hattie Mae Blackwell, his wife of 27 years, and sentenced to life in prison.[1] He seeks a new trial on two grounds: that the evidence does not support the verdict and that his videotaped confession should not have been admitted into evidence. We affirm.

The defendant was sleeping at his home the evening of September 12, 1988, when his wife returned from playing bingo and woke him up, nagging him about failing to get a job. An argument, including name-calling ensued, with the wife threatening the defendant and finally demanding he leave the house. The defendant then pulled a pistol from his pocket and shot at the victim as she tried to run away from him; one bullet went through her heart, killing her. The defendant ran next door and called an ambulance. He told the police, when they arrived, that he had killed her, and admitted doing so again as he was being transported to the police station. After being advised of his *Miranda* rights, the defendant's confession was videotaped. A subsequent blood test revealed a .32% alcohol level.

1. The defendant first argues that the facts demanded a finding of provocation, and, hence, the jury was not authorized to find him guilty of felony murder, which requires a higher degree of culpability than voluntary manslaughter. He is correct, as we said in *Malone v. State*, 238 Ga. 251, 252 (232 SE2d 907) (1977), that

voluntary manslaughter is a lesser included offense of felony murder, as we read [OCGA § 16-5-1, defining murder] and [OCGA § 16-1-6, defining lesser-included offenses], because

---

[1] Hattie Mae Blackwell was killed on September 12, 1988. The defendant was indicted in November and tried and convicted on January 17 and 18, 1989. He filed his motion for new trial on February 15, which was denied on May 16, 1989. The trial transcript was certified by the court reporter on May 9, 1989. Defendant filed his notice of appeal on June 14, the case was docketed in the Court of Appeals on June 16 and transferred to this court on June 27, briefed, and submitted for decision on September 22, 1989.

an act done in passion involves a less culpable mental state than the state of real or imputed malice which is the foundation of the felony murder rule.

The trial court charged on both types of murder as well as the lesser offense of voluntary manslaughter. The jury specifically rejected a malice murder verdict on count one of the indictment, but found the defendant guilty of count two, felony murder. By this finding the jury also rejected the lesser offense of voluntary manslaughter, which it was authorized to do because, contrary to Blackwell's assertion, neither verdict was demanded by the facts. Viewing the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

2. The defendant also contends the trial court erred in finding his confession voluntary. His argument is two-fold. First he argues that when he signed the waiver form he was asked only if he *understood* his rights and was not informed that he was also *waiving* his rights. His second argument is that because of his blood alcohol level, he would have been too impaired to have knowingly and voluntarily relinquished his rights. The transcript reveals, however, that he was fully informed as to his *Miranda* rights and of the fact that he was waiving those rights in agreeing to answer the officers' questions and make a statement. Additionally, the defendant had already admitted to the officers at the scene that it was he who had done the killing. As to the level of his intoxication, the officers testified that Blackwell appeared coherent, spoke without slurring, and appeared to understand the proceedings. Their testimony was supported by that of an expert who presented evidence tending to show that Blackwell's ability to function was probably because of his high tolerance to alcohol resulting from habitual drinking. *Pittman v. State*, 245 Ga. 453, 456 (265 SE2d 799) (1980); *Allen v. State*, 231 Ga. 17 (2) (200 SE2d 106) (1973).

After a *Jackson-Denno* hearing, the trial court found the defendant's videotaped statement to be admissible, and this finding will be upheld on appeal unless clearly erroneous. *Cooper v. State*, 256 Ga. 234, 236 (347 SE2d 553) (1986). We find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 15, 1990.

*Donald T. Wells, Jr.*, for appellant.
*Harry N. Gordon, District Attorney, Steve C. Jones, Assistant*

*District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin,* for appellee.