## A92A1963. GIBSON v. THE STATE.
### (428 SE2d 421)

ANDREWS, Judge.

Gibson appeals from his conviction by a jury of various offenses related to violations of the Georgia Controlled Substances Act. His timely motion for a new trial was denied on January 24, 1992. No notice of appeal was filed within 30 days, but on February 21, 1992, appellant obtained an order from the trial court extending the time for filing a notice of appeal to March 31, 1992. Thereafter, on March 31, 1992, a second order was entered extending the time for filing a notice of appeal to April 30, 1992. The notice of appeal was filed on April 29, 1992.

"The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court." (Citations and punctuation omitted.) *Hester v. State*, 242 Ga. 173, 175 (249 SE2d 547) (1978). "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial . . . has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." OCGA § 5-6-38 (a). "Any judge of the trial court . . . may, in his discretion, . . . grant extensions of time for the filing of . . . [a] [n]otice of appeal . . . . Only one extension of time shall be granted for filing of a notice of appeal . . . and the extension shall not exceed the time otherwise allowed for the filing of the notices initially." OCGA § 5-6-39 (a), (c).

Since neither the trial court nor this court has jurisdiction to grant more than one extension, or any extension of more than thirty days for the filing of a notice of appeal, the trial court's two extensions purporting to extend the filing time for more than thirty days were a nullity. *Rockdale County v. Water Rights Committee*, 189 Ga. App. 873, 874 (377 SE2d 730) (1989). Gibson did not move for an out-of-time appeal. In the absence of a timely filed notice of appeal, or the grant of an out-of-time appeal, this court is without jurisdiction to consider the merits of the case, and the appeal must be dismissed.

*Watson v. State*, 202 Ga. App. 667 (415 SE2d 306) (1992); *Sharpe v. State*, 198 Ga. App. 381 (401 SE2d 586) (1991); *Hamby v. State*, 162 Ga. App. 348 (291 SE2d 724) (1982).

*Appeal dismissed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 24, 1993.

*J. Tracy Ward*, for appellant.

Major Gibson, *pro se.*

*Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney*, for appellee.

