## S93A1359. ROGERS v. WOOD.
(436 SE2d 495)

HUNSTEIN, Justice.

Rogers, a prisoner incarcerated at the state penitentiary in Reidsville, filed in conjunction with his Tattnall County habeas corpus petition a mandamus action in Hall County, where he had been convicted,[1] seeking an order to compel the court reporter to provide him with a copy of his trial transcript and other court records. The trial court found that the trial transcript and record had previously been provided during Rogers' direct appeal from his conviction, and denied the request for additional free copies, noting that Rogers could obtain further copies by paying the typical fees. Rogers appeals and we affirm.

It is well established that an indigent is not entitled to a copy of his trial transcript for collateral post-conviction proceedings absent a showing of necessity or justification. *McDowell v. Balkcom*, 246 Ga. 611 (272 SE2d 280) (1980). The record establishes an absence of the necessity or justification appellant was required to show to support a due process or equal protection right to a free copy of his court records. See id.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 1993.

Jimmy Rogers, *pro se.*

---

[1] Rogers' conviction for rape, aggravated sodomy, kidnapping with bodily injury, battery, and aggravated assault was affirmed in *Rogers v. State*, 202 Ga. App. 595 (415 SE2d 49) (1992).

*Stewart, Melvin & House, William H. Blalock, Jr.*, for appellee.