## A94A1393. BUICE v. THE STATE.
### (444 SE2d 617)

BLACKBURN, Judge.

Steve Harris Buice is serving a life sentence plus 50 years for a 1987 conviction of burglary, armed robbery, false imprisonment, aggravated assault upon a police officer, possession of a firearm during the commission of a felony and possession of a firearm by a convicted felon. *Buice v. State*, 191 Ga. App. 7 (380 SE2d 741) (1989). In December 1993, Buice filed, pro se, a motion in the Superior Court of Gwinnett County for pre-trial and arrest documents and court records at the State's expense. The motion was denied, and this appeal followed.

1. In enumerations 1, 3, and 4, Buice contends the trial court erred in denying his motion and therefore violated his rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and rights under the Georgia Constitution. We disagree.

In his motion and brief on appeal, Buice contends he needs the requested documentation for his "continuous litigation." Such justification is insufficient to support his motion. "There must be some justification or showing of necessity beyond a mere naked demand for a transcript. While there is a basic right to a free transcript to perfect a timely direct appeal, there is no absolute right to a free transcript just so the prisoner may have it, and *some justification for use in a habeas corpus or related proceeding must be shown* in order to be entitled to such records in a collateral attack on the sentence." (Citations and punctuation omitted.) *Mydell v. Clerk, Superior Court of Chatham County*, 241 Ga. 24 (243 SE2d 72) (1978). We find the same rule applies to a request for arrest and pre-trial records. See id. Additionally, because Buice has failed to set out by affidavit the particular reasons why the documents and records are necessary, that he or his attorney have never previously been supplied copies of the records, and that the records are not otherwise available to him, the trial court properly denied the motion. See id.

2. Buice contends in enumeration 2 that the trial court erred in failing to provide a hearing on his motion thereby violating his rights under the Sixth and Fourteenth Amendments of the United States Constitution and in violation of his rights under the Georgia Constitution. This enumeration is also without merit.

Buice has failed to cite any case authority in support of this enumeration, but rather generally argues constitutional violations. Buice did not request a hearing, and we find no error by the trial court in failing to provide such. Buice had direct access to the lower court, and *Mydell* provides the proper requirements and procedures for obtaining the documents desired. Buice's motion was read and considered by the lower court and under the requirements of *Mydell*, prop-

erly denied. Accordingly, the lower court did not err in failing to provide him a hearing on the motion and did not deny him any of his constitutional rights.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MAY 27, 1994.

Steve H. Buice, *pro se.*
*Daniel J. Porter, District Attorney, Brian K. Wilcox, Assistant District Attorney,* for appellee.