S94A1325. SHELBY v. THE STATE.

(453 SE2d 21)

</div>

THOMPSON, Justice.

James Edward Shelby was convicted of the malice murder of Hezzie Ingram.[1] He appeals from the judgment of conviction and sentence entered thereon, following the denial of his motion for new trial.

Viewed in a light most favorable to the verdict, the evidence showed that during the evening in question, Shelby was visiting the victim's apartment, where along with other acquaintances, the two were consuming alcoholic beverages. The others eventually left and the victim invited Shelby to spend the night.

In the morning, Bob Carlton, an acquaintance of both Shelby's and the victim's, encountered Shelby drinking wine in the "hole" behind the Alpine Liquor Store. Shelby was in an emotional state and disclosed to Carlton, "man, I screwed up last night . . . I killed old Hezzie." Carlton thereupon went to the victim's apartment and found him dead in his bedroom. The police were summoned and Carlton told the investigating officer what Shelby had revealed to him earlier. It was established that the victim had sustained lacerations about the face and head and died of asphyxia due to suffocation.

Shelby appeared at his parents' home that day at lunchtime. His mother testified that he was in an inebriated and emotional state and he revealed to her that he thought he had killed a man. Later in the

---

[1] The crime occurred on May 4, 1993. Shelby was indicted on November 2, 1993. Trial began on November 29, 1993. He was convicted and sentenced on the following day to life imprisonment. His motion for new trial was filed on December 8, 1993, and denied on April 19, 1994. His notice of appeal was filed on May 16, 1994. The case was docketed in this Court on May 26, 1994; oral argument was held on September 12, 1994.

afternoon, Shelby's father arrived home from work. Shelby informed him that he thought he had killed a man and asked to be driven to Dalton. He was later stopped by police while traveling toward Dalton in his father's car.

1. On this evidence, the jury was authorized to find Shelby guilty beyond a reasonable doubt of the malice murder of Ingram. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Following a *Jackson-Denno* hearing, the trial court determined that a custodial statement made at the time of Shelby's arrest had been freely and voluntarily given. Shelby challenges that ruling, asserting that he was too intoxicated to knowingly and voluntarily relinquish his right to remain silent.

Shelby is an admitted alcoholic who imbibed on a daily basis. An investigating officer testified that he had regular contact with Shelby for a period of 18 years and that on every such occasion he had the odor of alcohol about him. At the time of the present investigation, Shelby exhibited good mental and physical coordination. Although he had been drinking, "he was alert enough to talk with us and to understand." After 45 minutes had elapsed from the time that Shelby was taken into custody, an intoximeter test was administered at the police department, revealing a blood alcohol level of .24 percent. An hour and a half later, a *Miranda* waiver form was read to him. He read the contents aloud to the officers, and stated that he understood its meaning. He signed the waiver of rights form, stated that he was willing to give a statement, and agreed to have it tape-recorded. In the interview which followed, Shelby admitted beating and smothering the victim when he reneged on the offer to allow him (Shelby) to sleep at his apartment. At the conclusion of the interview, the tape was played and Shelby declined the need for additions or deletions.

When asked if Shelby appeared to be mentally impaired at the time of the interview, the officer testified, "I think Mr. Shelby was mentally capable, . . . he knew what he was saying, I think he was relieved to get it off his mind. He was very emotional, but he was mentally capable. . . ."

The trial court ruled that despite the intoximeter reading, Shelby was not mentally or physically impaired to the extent that he was unable to comprehend the *Miranda* rights and that he knowingly and voluntarily waived those rights. These findings, which are supported by the evidence, satisfy the clearly erroneous standard and will not be disturbed. *Blackwell v. State*, 259 Ga. 810 (388 SE2d 515) (1990). The tape-recorded statement was properly introduced in evidence.

3. Any offer on the part of the prosecution to recommend a plea to a lesser offense was expressly conditioned upon approval from the victim's family. When the family vehemently opposed such a plea, the prosecutor refused to give his recommendation. Since no agreement

was reached, the trial court properly denied Shelby's motion to enforce the proposed plea bargain.

4. In the original charge, the jury was fully instructed on the principles of presumption of innocence, reasonable doubt and the State's burden of proof, as well as the elements of murder, and voluntary and involuntary manslaughter. After brief deliberations, the jury requested definitions of "voluntary, involuntary and murder." The court gave the requested instructions, prefaced by the statement, "you have the three options." It concluded with the admonition that the jury should not place more emphasis on one portion of the court's charge than on others. Shelby contends that the recharge was defective because the court failed to restate the option of acquittal. We agree that the better practice would have been to include the alternative of acquittal among the stated "options"; however, when considered in the context of the charge in its entirety, the omission did not constitute reversible error. The court limited its recharge to the questions posed, and further cautioned the jury to consider equally all portions of the charge "because they're all equally important." We find no abuse of the trial court's discretion. *Jackson v. State*, 263 Ga. 468 (1) (435 SE2d 442) (1993).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 13, 1995 —
RECONSIDERATION DENIED MARCH 9, 1995.

*William D. Hentz, Kenneth D. Bruce, H. Robert Hannah III,* for appellant.

*Ralph Van Pelt, Jr., District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Assistant Attorney General,* for appellee.