S95A1868. SHELBY v. McDANIEL.
(465 SE2d 433)

THOMPSON, Justice.

Shelby was convicted of malice murder in Walker County Superior Court on November 30, 1993. His conviction was affirmed by this Court on appeal. *Shelby v. State,* 265 Ga. 118 (453 SE2d 21) (1995). Thereafter, Shelby filed a pro se mandamus petition in forma pauperis to require the Clerk of the Walker County Superior Court to furnish him with a copy of the trial transcript and other documents at

government expense. He alleged that the requested documents were needed in connection with a proposed habeas corpus proceeding. He submitted a form affidavit in which it was averred, inter alia, that neither he nor his attorney ever received a copy of the trial transcript. The Superior Court denied filing of the petition. We affirm.

"It is well established that an indigent is not entitled to a copy of his trial transcript for collateral post-conviction proceedings absent a showing of necessity or justification. *McDowell v. Balkcom*, 246 Ga. 611 (272 SE2d 280) (1980)." *Rogers v. Wood*, 263 Ga. 568 (436 SE2d 495) (1993). Shelby failed to make this showing. First, he did not attach a copy of a pending or proposed habeas petition. See *Mydell v. Clerk, Superior Court of Chatham County*, 241 Ga. 24, 25 (243 SE2d 72) (1978) (copy of pending or proposed habeas petition should be attached to petition seeking transcript). While he did include a list of the habeas issues he proposes to raise, that list demonstrates that Shelby does not propose to raise any *new* habeas issues — only issues previously raised in the appeal of his criminal conviction.[1] This he cannot do. See *Davis v. Thomas*, 261 Ga. 687, 689 (2) (410 SE2d 110) (1991) (issues decided on direct appeal cannot be relitigated on habeas corpus). Second, we have taken judicial notice of the record in Shelby's previous appeal. As in *Mydell*, supra, it is apparent from the brief filed by Shelby's attorneys that the transcript had been made available to them.[2]

We conclude "that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief. . . ." See OCGA § 9-15-2 (d). The Superior Court did not err in denying the filing of the petition.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 1996 —
RECONSIDERATION DENIED FEBRUARY 5, 1996.

James Edward Shelby, *pro se.*
*Ralph Van Pelt, Jr., District Attorney, Watson & Dana, Joseph*

---

[1] Shelby proposes to raise three issues in a habeas corpus proceeding: (1) the sufficiency of the evidence, (2) the voluntariness of his custodial statement, and (3) the propriety of the trial court's recharge. These issues were fully addressed by this Court in Divisions 1, 2 and 4 of our opinion in Shelby's original appeal. See *Shelby v. State*, 265 Ga. 118, supra.

[2] In an affidavit annexed to appellee's brief in the present appeal, one of Shelby's appellate attorneys averred that he did in fact receive a transcript and that it is still in his possession. We have given no consideration to this representation because it does not appear in the record. See *Coweta Bonding Co. v. Carter*, 230 Ga. 585, 586 (1) (198 SE2d 281) (1973).

*F. Dana, David D. Gottlieb,* for appellee.