## A97A0164. COLES v. THE STATE.
### (477 SE2d 897)

McMURRAY, Presiding Judge.

Defendant Chester Coles was tried before a jury and on June 3, 1983, was found guilty of one count of murder and one count of violating OCGA § 16-11-131, possession of a firearm by a convicted felon. On direct appeal, his convictions were affirmed by the Supreme Court of Georgia. *Coles v. State*, 253 Ga. 12 (315 SE2d 655). On April 24, 1996, defendant, proceeding as a pauper, filed a pro se motion asking that the respondent Juanita Hicks, Clerk of the Superior Court of Fulton County, be required to furnish and produce "at government expense a true and correct copy of Defendant's trial transcript. . . ." The motion recites that a transcript is "Necessary in order to obtain habeas corpus relief from the judgment of conviction and sentence," even though "a transcript of the trial of Defendant's case was supplied to Defendant's counsel in connection with the representation of Defendant in the appeal." The motion alleges that "counsel has neglected and otherwise failed to provide defendant with a copy of same." On May 8, 1996, after a hearing, the superior court judge denied defendant's motion for a trial transcript at government expense. On May 9, 1996, a separate order denying defendant's motion for transcript was entered by the superior court judge (now a senior superior court judge), who had presided over defendant's trial in 1983. On June 13, 1996, defendant filed a "Motion for Reconsideration," and amended his original motion to show "the grounds he intends to raise in the habeas corpus proceeding [which] cannot be adjudicated without the transcript in question. . . ." Also on June 13, 1996, however, defendant filed a notice of appeal from

the May 9, 1996, order of the senior superior court judge. *Held*:

1. We treat this defendant's post-conviction motion for a trial transcript at government expense, directed to the Clerk of-the Superior Court of Fulton County as a petition in the nature of mandamus, the denial of which is generally directly appealable. OCGA § 5-6-34 (a) (6). See, e.g., *Shelby v. McDaniel*, 266 Ga. 215 (465 SE2d 433); *Rogers v. Wood*, 263 Ga. 568 (436 SE2d 495). Compare OCGA § 42-12-1 et seq., the Prison Litigation Reform Act of 1996. OCGA § 42-12-8 mandates the use of the discretionary appeal procedures established by OCGA § 5-6-35 for appeals in all civil actions filed by indigent prisoners. A prisoner is any person 17 years of age or older who has been convicted of a crime and is currently incarcerated or is being held in custody awaiting trial or sentencing. OCGA § 42-12-3 (4). Henceforth, if no petition for habeas corpus is pending at the time an indigent prisoner makes any application for a transcript of his trial for purposes of collateral attack upon his conviction or sentence, that application will be treated as a separate civil action subject to the procedures and requirements of the Prison Litigation Reform Act of 1996. Specifically, appeals from the denial of any such applications for free transcripts for post-conviction collateral attack must comply with the discretionary appeal procedures of OCGA § 5-6-35. Compare OCGA § 42-12-3 (1) (A). ·

2. " '(I)t is the duty of this [C]ourt to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction. (Cits.)' *Stephenson v. Futch*, 213 Ga. 247 (1) (98 SE2d 374) (1957). 'The proper and timely filing of the notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court. (Cit.)' *Hester v. State*, 242 Ga. 173, 175 (249 SE2d 547) (1978)." (Emphasis omitted.) *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756). "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of. . . ." OCGA § 5-6-38 (a). See also OCGA § 5-6-35 (d).

Pretermitting whether the Court of Appeals of Georgia has appellate subject matter jurisdiction over an appeal involving mandamus, we hold that the notice of appeal in the case sub judice, entered on Thursday, June 13, 1996, from a judgment or order entered by the superior court judge on Wednesday, May 8, 1996, or the order entered by the senior superior court judge on Thursday, May 9, 1996, refusing defendant's application for mandamus, is not timely in that it was not filed within 30 days of the judgment complained of on appeal. "In the absence of a timely filed notice of appeal, or the grant of an out-of-time appeal, this [C]ourt is without jurisdiction to consider the merits of the case, and the appeal [in the case sub judice] must be dismissed." *Gibson v. State*, 207 Ga. App. 491 (428 SE2d 421).

*Appeal dismissed. Beasley, C. J., and Smith, J., concur.*

DECIDED NOVEMBER 6, 1996.

Chester Coles, *pro se.*
Lewis R. Slaton, *District Attorney*, for appellee.

