# Court of Appeals
# of the State of Georgia

ATLANTA,  January 22, 2015

*The Court of Appeals hereby passes the following order:*

**A15A0490.  MICHAEL CHARLES WARD v. THE STATE.**

After he was convicted of aggravated stalking, Michael Charles Ward moved for a new trial. While pursuing his amended motion for new trial, he filed a motion for copies of certain transcripts and case records, seeking records from both his instant aggravated stalking conviction, case number 2008-CR-0038, and an earlier conviction, case number 2007-CR-0524. After the trial court partially denied the motion, Ward filed this direct appeal. We, however, lack jurisdiction.

According to the trial court's order on Ward's motion for transcripts, his amended motion for new trial remains pending in the trial court. The trial court's order is, therefore, interlocutory. Accordingly, Ward was required to comply with the interlocutory appeal procedures to obtain appellate review at this time. See OCGA § 5-6-34 (b); see also *Hann v. State*, 292 Ga. App. 719, 720 (1) (665 SE2d 731) (2008) (while a motion for new trial is pending, appeals must comply with the interlocutory appeal requirements).[1] Ward's failure to follow the interlocutory appeal procedure

---

[1] Moreover, to the extent Ward sought copies of these records in order to support a collateral attack on his earlier conviction, the trial court's order denying his request still would not be subject to direct appeal. "[I]f no petition for habeas corpus is pending at the time an indigent prisoner makes any application for a transcript . . . for purposes of collateral attack upon his conviction or sentence, that application will be treated as a separate civil action subject to the procedures and requirements of the Prison Litigation Reform Act of 1996. Specifically, appeals from the denial of any such application for free transcripts for post-conviction collateral attack must comply with the discretionary appeal procedures of OCGA § 5-6-35." *Coles v. State*, 223 Ga. App. 491, 492 (1) (477 SE2d 897) (1996); see OCGA § 42-12-8.

deprives us of jurisdiction to consider this appeal. Accordingly, the appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*<u>  01/22/2015  </u>
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

<u>             </u> *, Clerk.*