# Court of Appeals
# of the State of Georgia

ATLANTA,_____August 12, 2015_____

*The Court of Appeals hereby passes the following order:*

## A15A2273, A15A2274.  DAVID L. TOLBERT v. THE STATE.

In 2009, David L. Tolbert was convicted of armed robbery, kidnapping with bodily injury, aggravated assault, aggravated battery, aggravated sodomy, and possession of a firearm during the commission of a felony.  We affirmed his convictions on appeal.  *Tolbert v. State*, 313 Ga. App. 46 (720 SE2d 244) (2011).  Tolbert later filed motions for out-of-time appeal and for certified copies of certain case records, which the trial court denied.[1]  In Case No. A15A2273, Tolbert appeals the denial of his motion for out-of-time appeal.  In Case No. A15A2274, he appeals the denial of his request for case records.  We lack jurisdiction in both cases.

With respect to Case No. A15A2273, Tolbert is not entitled to an out-of-time appeal because he has already had a direct appeal. See *Simmons v. State*, 276 Ga. 525, 526 n.2 (579 SE2d 735) (2003) ("The denial of a motion for out-of-time appeal is directly appealable when the criminal conviction at issue has not been the subject of direct appeal."); *Jackson v. State*, 273 Ga. 320 (540 SE2d 612) (2001) (defendant "not entitled to another bite at the apple by way of a second appeal."). This attempt to obtain a second appeal must be dismissed. See *Collins v. State*, 277 Ga. 586 (591

---

[1]Before these motions, Tolbert filed a motion to vacate his judgment of conviction, an extraordinary motion for new trial, and a motion to vacate a void sentence, all of which the trial court denied.  We dismissed Tolbert's direct appeals from the denials of his motions to vacate (see Case No. A13A1903, decided June 12, 2013, and Case No. A14A1133, decided March 21, 2014), and we denied his application for discretionary appeal from the denial of his extraordinary motion for new trial (see Case No. A13D0185, decided January 25, 2013).

SE2d 820) (2004).

With respect to Case No. A15A2274, "if no petition for habeas corpus is pending at the time an indigent prisoner makes any application for a transcript . . . for purposes of collateral attack upon his conviction or sentence, that application will be treated as a separate civil action subject to the procedures and requirements of the Prison Litigation Reform Act of 1996. Specifically, appeals from the denial of any such application for free transcripts for post-conviction collateral attack must comply with the discretionary appeal procedures of OCGA § 5-6-35." *Coles v. State*, 223 Ga. App. 491, 492 (1) (477 SE2d 897) (1996); see OCGA § 42-12-8. Because Tolbert has not shown that he has a pending habeas corpus petition, he was required to appeal the denial of his request for court records by discretionary application.[2]

For these reasons, these appeals are hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____08/12/2015_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[2] In his motion, Tolbert asserted that he was preparing to file a federal habeas corpus petition, but apparently he has not actually filed one. We note that the Supreme Court of Georgia denied Tolbert's request for state habeas relief last year. *Tolbert v. Toole*, 296 Ga. 357 (767 SE2d 24) (2014).