# Court of Appeals
# of the State of Georgia

ATLANTA, February 09, 2016

*The Court of Appeals hereby passes the following order:*

## A16A0825. EMBERY J. MCBRIDE v. THE STATE.

In 1986, a jury found Embery J. McBride guilty of rape and aggravated sodomy, and he was sentenced as a recidivist to life in prison. In June 2015, McBride filed a pro se motion seeking copies of the "grand jury minutes and or transcript" for purposes of instituting a collateral attack on his conviction. The trial court denied the motion, finding that McBride was not entitled to the minutes under *Isaacs v. State*, 259 Ga. 717, 721 (2) (c) (386 SE2d 316) (1989). McBride then filed this direct appeal. We, however, lack jurisdiction.

As a threshold matter, we note that the trial court properly found that McBride was not entitled to a copy of the transcript. See id. Moreover, "if no petition for habeas corpus is pending at the time an indigent prisoner makes any application for a transcript . . . for purposes of collateral attack upon his conviction or sentence, that application will be treated as a separate civil action subject to the procedures and requirements of the Prison Litigation Reform Act of 1996. Specifically, appeals from the denial of any such application for free transcripts for post-conviction collateral attack must comply with the discretionary appeal procedures of OCGA § 5-6-35." *Coles v. State*, 223 Ga. App. 491, 492 (1) (477 SE2d 897) (1996); see OCGA § 42-12-8.

Here, there is no suggestion that McBride has a pending habeas corpus action. Accordingly, McBride's failure to follow the discretionary appeal procedure deprives us of jurisdiction to consider his appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 02/09/2016
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*