**SECOND DIVISION
BARNES, P. J.,
BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**July 5, 2016**

# In the Court of Appeals of Georgia

A16A0670. BELL v. THE STATE.

BOGGS, Judge.

Michael Dwayne Bell was indicted on four counts of selling cocaine, four counts of possession of cocaine with intent to distribute near a public park, two counts of possession of cocaine with intent to distribute near a public school, two counts of possession of cocaine with intent to distribute near public housing, and obstruction of an officer. On April 9, 2012, while represented by counsel, Bell pled guilty to four counts of selling cocaine and one count of possession with intent to distribute and was sentenced to 40 years with 25 to serve.[1]

---

[1]The State requested and the trial court entered a nolle prosequi as to the remaining charges.

It does not appear from the record that Bell ever sought a direct appeal following his guilty plea. Nearly three years later, in February 2015, Bell, acting pro se, filed a "Request for Final Disposition and Guilty Plea Transcript" in which he offered to pay for the documents, and, approximately one month later, a "Motion for Discovery, Court Records, and Transcripts at State Expense." The trial court denied his motion, and he appeals.[2]

"While an indigent is entitled to a copy of his trial transcript for a direct appeal of his conviction, such is not the case in collateral post-conviction proceedings." (Citations and punctuation omitted.) *Orr v. Couch*, 244 Ga. 374 (260 SE2d 82) (1979) (records of guilty plea sought for habeas corpus proceeding). However, a petitioner may obtain such records upon a showing of necessity or justification, via an affidavit setting forth certain facts:

> The affidavit should set out the particular reasons why the transcript is necessary, and *should include a statement that the petitioner or his attorney have never previously been supplied a copy of his transcript and record, and that it is not otherwise available to him.* A copy of the

---

[2]Approximately four months later, Bell filed a pauper's affidavit and request to proceed *in forma pauperis* for purposes of this appeal, which was initially denied by the trial court but later granted after Bell filed a more detailed affidavit. He also filed a notice of appeal from the initial denial.

pending or proposed habeas petition should be attached. Similarly, the clerk may certify that a copy of the transcript has previously been provided the defendant or his attorney. *From this, the trial court can make appropriate findings of fact and conclusions of law in determining whether the prisoner has shown some justification or necessity for a copy of his trial transcript and record.*

(Citations and footnote omitted; emphasis supplied.) *Mydell v. Clerk of Superior Court*, 241 Ga. 24, 25 (243 SE2d 72) (1978).[3] However, the Supreme Court did not vacate and remand for further proceedings, because it took judicial notice of the record in Mydell's previous direct appeal, in which the trial transcript was specifically ordered supplied to him or his attorney, and affirmed on that basis. Id. at 25-26.[4]

Bell's affidavit states that he needs "discovery, court documents, and transcripts in order to adequately file a habeas petition and/or a motion for out of time appeal to challenge my conviction." He does not aver that neither he nor his counsel

---

[3]In *Mydell*, the prisoner asserted that a habeas action was pending, 241 Ga. at 24, rather than merely proposed as in the case before us.

[4]The decisions cited by the State in its brief do not address the specific requirements of *Mydell*, other than to note that a showing of necessity or justification must be made. See, e.g., *Huddleston v. Clerk of Superior Court*, 240 Ga. 52 (239 SE2d 365) (1977).

have never been supplied a copy of his transcript and record; rather, he states that he has attempted to contact his former trial attorney to obtain his file, without success. He also states that he intends to file a habeas corpus petition. Bell attached a proposed petition to his affidavit, stating that he is filing it "with a general ground, but will amend upon receipt of the documents that are now being sought." The petition alleges that the trial court failed to ensure that Bell's guilty plea was knowing, voluntary, and intelligent, but provides no details.

Here, the trial court failed to "make appropriate findings of fact and conclusions of law in determining whether the prisoner has shown some justification or necessity for a copy of his trial transcript and record" as required by *Mydell*. 241 Ga. at 25. In making such findings, the trial court may consider whether the affidavit facially fulfills the *Mydell* requirements and should determine whether Bell has shown justification or necessity. The State's argument in its brief that Bell has failed to make the necessary showing is for the trial court to address in the first instance.[5]

---

[5]We note our concern that too lenient an interpretation of the affidavit requirements of *Mydell* could open the floodgates for petitions in which every potential litigant, with or without a colorable claim, could demand "a free transcript just so the prisoner may have it." 241 Ga. at 24.

We therefore vacate the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

*Judgment vacated and case remanded. Barnes, P. J., and Rickman, J., concur.*