# Court of Appeals
# of the State of Georgia

ATLANTA,  March 29, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1163.  MALCOLM MARSHALL v. THE STATE.**

Malcolm Marshall, who currently is an indigent prisoner, pled guilty in 2014 to kidnapping and several counts of aggravated battery under the Family Violence Act.  He did not appeal his convictions.  Two years later, Marshall filed a motion for free transcripts from his criminal proceedings.  The trial court denied Marshall's motion, and he filed this direct appeal.  We lack jurisdiction for two reasons.

First, the trial court's order is not subject to direct appeal.  If no petition for a writ of habeas corpus is pending when an indigent prisoner seeks free transcripts of his criminal proceedings for purposes of collateral attack upon his conviction or sentence, "that application will be treated as a separate civil action subject to the procedures and requirements of the Prison Litigation Reform Act of 1996," and appeals from the denial of any such applications must comply with the discretionary appeal procedures of OCGA § 5-6-35.  See *Coles v. State*, 223 Ga. App. 491, 492 (1) (477 SE2d 897) (1996); see also OCGA § 42-12-8.  Because Marshall has not shown that he has a pending habeas corpus petition, he was required to appeal the denial of his request for court records by discretionary application.  His failure to do so deprives us of jurisdiction over this appeal.

Second, even if Marshall had a right of direct appeal here, this appeal is untimely.  A notice of appeal must be filed within 30 days of entry of the trial court order sought to be appealed.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).  Marshall filed his notice of appeal on December 30, 2016, 37 days after the trial court entered its order

on November 23, 2016.  Although Marshall filed a motion for reconsideration of the November 23 order, a motion for reconsideration neither extends the time for filing a challenge to an appealable order nor is appealable in its own right.  See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,__03/29/2017_____*
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____, *Clerk.*