# Court of Appeals
# of the State of Georgia

ATLANTA,_ May 21, 2018 _____

*The Court of Appeals hereby passes the following order:*

**A18A0759.  TACKETT v. STATE.**

Following a jury trial in 2014, Michael Stephen Tackett was found guilty of aggravated battery, obstruction of an officer, obstruction of emergency medical personnel and simple assault. He was sentenced to 30 years, with ten years to be served in confinement and the remainder to be served on probation . It does not appear from the record that Tackett ever sought a direct appeal of his conviction or sentence. On August 28, 2017, Tackett filed pro se a "Motion for [Trial] Transcript at State's Expense," along with his petition to proceed in forma pauperis, and a proposed application for writ of habeas corpus. He had not yet filed a petition for habeas corpus, and filed his motion for a transcript under his original criminal docket number in the trial court.[1] The trial court denied Tackett's motion without making any findings of fact. Tackett appeals from that ruling. For the reasons that follow, we vacate the order and remand the case with direction.

It is well established that an indigent, on appeal, is entitled as a matter of right to a free copy of the transcript of trial court proceedings in which he has been a party. But while an indigent is entitled to a copy of his trial transcript for a direct appeal of his conviction, such is not the case in

---

[1] The appeal before us is "neither an equity nor a mandamus case, but simply a motion filed in [Tackett's] original [criminal] case in the Superior Court of [Bartow] County. [Tackett] has filed no separate petition, but has continued to file this . . . under the original criminal docket number." *Henderson v. State*, ___ Ga. ___ (811 SE2d 388, 391 (1)) (2018) (footnote omitted).

collateral post-conviction proceedings. After the time for appeal has expired there is no due process or equal protection right to a free copy of one's court records absent a showing of necessity or justification.

*Henderson*, supra (811 SE2d at 391-392 (2)) (citations and punctuation omitted). Tackett sought a trial transcript at the state's expense in connection with a potential habeas corpus application, which is a collateral post-conviction proceeding. However, the trial court in the present case "failed to make appropriate findings of fact and conclusions of law in determining whether the prisoner has shown some justification or necessity for a copy of his trial transcript and record as required by *Mydell*." *Bell v. State*, 337 Ga. App. 730, 731(788 SE2d 808) (2016) (punctuation omitted) (citing *Mydell v. Clerk of Superior Court*, 241 Ga. 24 (243 SE2d 72) (1978)).  Pursuant to *Bell* and *Mydell* a petitioner may obtain a trial transcript via an affidavit setting forth certain facts:

> The affidavit should set out the particular reasons why the transcript is necessary, and should include a statement that the petitioner or his attorney have never previously been supplied a copy of his transcript and record, and that it is not otherwise available to him. A copy of the pending or proposed habeas petition should be attached. Similarly, the clerk may certify that a copy of the transcript has previously been provided the defendant or his attorney.

*Bell*, supra at 730-731; *Mydell*, supra at 25 (citations and footnotes omitted).

Accordingly, the trial court's order is VACATED and the case is REMANDED for the court to make specific findings as to whether Tackett has made a showing of "necessity or justification" pursuant to the requirements put forth in *Mydell* and *Bell*.[2]

---

[2] This Court reiterates its "concern that too lenient an interpretation of the affidavit requirements of *Mydell* could open the floodgates for petitions in which every potential litigant, with or without a colorable claim, could demand 'a free transcript just so the prisoner may have it.'" *Bell*, supra at 731 n.5 (citation and punctuation omitted).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*    05/21/2018

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*                    *, Clerk.*