304 Ga. 255
FINAL COPY

S18A0632.  SCHOICKET v. THE STATE.

HUNSTEIN, Justice.

Rebecca Dawn Schoicket appeals the denial of her "Motion for Documents and Records at Government Expense."  We dismiss the appeal.

In 2015, Schoicket pled guilty to, inter alia, felony murder and was sentenced to life imprisonment plus five years; she did not appeal.  In June 2017, Schoicket filed a "Motion for Documents and Records at Government Expense," wherein she sought a copy of the transcript of her guilty plea, any audio- and video-recorded interviews, and various documents that, she said, were necessary for "post-conviction relief."  The trial court denied the motion, and Schoicket filed a timely notice of appeal.

Schoicket continues to argue on appeal that, because she is indigent, she is entitled to a transcript and various documents at government expense for the purpose of pursuing post-conviction relief.  It is true that "an indigent, on appeal, is entitled as a matter of right to a free copy of the transcript of trial court

proceedings in which he has been a party." (Citations and punctuation omitted.)

Mitchell v. State, 280 Ga. 802, 802 (1) (633 SE2d 539) (2006).  However,

> [w]hile an indigent is entitled to a copy of his trial transcript for a direct appeal of his conviction, such is not the case in collateral post-conviction proceedings. After the time for appeal has expired there is no due process or equal protection right to a free copy of one's court records absent a showing of necessity or justification.

(Citations and punctuation omitted.) McDowell v. Balkcom, 246 Ga. 611 (272

SE2d 280) (1980).  Here, we are well outside the time for appeal, and Schoicket

has failed to make any showing of necessity or justification.  See Shelby v.

McDaniel, 266 Ga. 215, 215 (465 SE2d 433) (1996) (recognizing that, after the

time to appeal has expired, a copy of a pending or proposed habeas petition

should be attached to the pleading seeking records at government expense).

Schoicket's untimely motion is thus a nullity, which should have been dismissed

below, and cannot sustain an appeal.  See Henderson v. State, 303 Ga. 241 (2)

(811 SE2d 388) (2018).  This appeal, therefore, is dismissed.  Id.

Appeal dismissed.  Hines, C. J., Melton, P. J., Benham, Nahmias, Blackwell, Boggs, and Peterson, JJ., concur.

Decided August 20, 2018.

Murder. Walton Superior Court. Before Judge Ozburn.

Rebecca Dawn Schoicket, pro se.

Layla H. Zon, District Attorney, W. Cliff Howard, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.