**FIFTH DIVISION
MCFADDEN, P. J.,
MCMILLIAN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 4, 2019**

# In the Court of Appeals of Georgia

A19A0662. THRAILKILL v. THE STATE.                    GS-021C

Goss, Judge.

In October 2017, Brian Thrailkill entered negotiated guilty pleas to three counts of aggravated child molestation and seven counts of child molestation.[1] Thrailkill did not file a direct appeal from his guilty plea or motion for an out of time appeal. On July 24, 2018, Thrailkill filled three documents under the original criminal docket number associated with his criminal prosecution: a Request to Proceed In Forma Pauperis, a "Motion for Documents and Records," and a "Memorandum of Law" seeking a free trial transcript. On July 27, 2018, the trial court issued an order dismissing these pro se motions without prejudice if costs and fees were not paid

---

[1] Counts 8, 9 and 10 for child molestation were merged for the purposes of sentencing with Count 3 for molestation.

within 30 days, and Thrailkill did not seek appellate review of that order. On August 15, 2018, Thrailkill filed a "Motion for Trial Transcript" and named "Cindy Brown, Clerk of Superior Court, Coweta County" as respondent. On August 24, 2018, the trial court entered an order denying Thrailkill's motion. On September 21, 2018, Thrailkill appeals from the trial court's order denying his motion for a trial transcript. For the following reasons, we affirm.

In his pro se motion for a trial transcript, Thrailkill argues that "the requested trial transcript is essential and necessary in order to obtain habeas corpus relief from the judgment of conviction and sentence in the above-captioned case." However, Thrailkill provides no evidence that such a habeas case has been filed.

Thrailkill continues to argue on appeal that he is entitled to a transcript at government expense for the purpose of pursuing post-conviction relief. "While an indigent is entitled to a copy of his trial transcript for a direct appeal of his conviction, such is not the case in collateral post-conviction proceedings." (Citation and punctuation omitted.) *Bell v. State*, 337 Ga. App. 730, 730 (788 SE2d 808) (2018). "After the time for appeal has expired there is no due process or equal protection right to a free copy of one's court records absent a showing of necessity or justification." (Citation omitted.) *Henderson v. State*, 303 Ga. 241, 244 (2) (811

2

SE2d 388) (2018). This showing of necessity or justification can be proved via an affidavit setting forth certain facts:

> The affidavit should set out the particular reasons why the transcript is necessary, and should include a statement that the petitioner or his attorney have never previously been supplied a copy of his transcript and record, and that it is not otherwise available to him. *A copy of the pending or proposed habeas petition should be attached*. Similarly, the clerk may certify that a copy of the transcript has previously been provided the defendant or his attorney. From this, the trial court can make appropriate findings of fact and conclusions of law in determining whether the prisoner has shown some justification or necessity for a copy of his trial transcript or record.

(Citation and footnote omitted; emphasis omitted and supplied.) *Bell,* 337 Ga. App. at 730-731.

Thrailkill is well outside the time for an appeal, and he has failed to make any showing of necessity or justification because he has failed to attach an affidavit or copy of the pending habeas petition. See *Shelby v. McDaniel*, 266 Ga. 215, 215 (465 SE2d 433) (1996) (recognizing that, after the time to appeal has expired, a copy of a pending or proposed habeas proceeding should be attached to the pleading seeking records at government expense); *Mydell v. Clerk, Superior Court of Chatham County*,

3

241 Ga. 24, 25 (243 SE2d 72) (1978) (copy of pending or proposed habeas petition should be attached to petition seeking transcript). The trial court did not err in denying his motion.

*Judgment affirmed. McFadden, P. J., and McMillian, J., concur*.