# Court of Appeals
# of the State of Georgia

ATLANTA,  January 22, 2020

*The Court of Appeals hereby passes the following order:*

**A20A0956.  JEFFREY DOSS v. THE STATE.**

In April 2019, prisoner Jeffrey Doss filed a motion seeking a copy of the record and transcript from his criminal case.[1] In his motion, he asserted that he had filed in January 2019 a petition for habeas corpus, he needed the record and transcript to pursue his habeas action, and he had never received a copy. However, he failed to attach to his motion a copy of his habeas petition or an affidavit. The trial court denied Doss's motion, finding that he had failed to make a showing of necessity or justification via an affidavit, and Doss appeals. We lack jurisdiction.

"[W]hile an indigent is entitled to a copy of his trial transcript for a direct appeal of his conviction, such is not the case in collateral post-conviction proceedings. After the time for appeal has expired there is no due process or equal protection right to a free copy of one's court records absent a showing of necessity or justification." *Schoicket v. State*, 304 Ga. 255, 255 (818 SE2d 561) (2018). Doss is seeking the transcript for a habeas action, not a direct appeal, and he failed to make a showing of necessity or justification. See *Mydell v. Clerk, Superior Court of*

---

[1] The record before us is limited and a bit unclear. Doss's motion and the trial court's order were filed under Case No. 15CR0475, but the record provides no indication as to when Doss's conviction in that case was entered and of what he was convicted. There does not appear to have been a direct appeal from Case No. 15CR0475. In contrast, the trial court's index references Case No. 16CR0117. In Case No. 16CR0117, Doss was convicted of two counts of child molestation, and this Court affirmed his conviction in an unpublished opinion. See Case No. A18A0165 (Apr. 19, 2018).

*Chatham County*, 241 Ga. 24, 25 (243 SE2d 72) (1978) (holding that a request for transcript should be accompanied by an affidavit setting out, inter alia, the particular reason why a transcript is necessary and attaching the pending habeas petition). Accordingly, "the trial court should have dismissed [Doss's] motion as a nullity, and he has nothing cognizable to appeal." *Henderson v. State*, 303 Ga. 241, 244 (2) (811 SE2d 388) (2018); accord *Schoicket*, 304 Ga. at 255; see also *Dos Santos v. State*, __ Ga. __ (4) (834 SE2d 733, 738) (2019) ("Where a filing in a criminal case is a legal nullity, we have held in several contexts not only that the trial court should dismiss the nugatory filing rather than ruling on its merits, but also that no appeal from such an inoperative filing is authorized, so if a defendant appeals a trial court order that properly dismisses (or denies) such a filing as a nullity, the appeal should be dismissed rather than the trial court's judgment being affirmed."). Accordingly, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  01/22/2020
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.